UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

TYLER HOLTE,

              Plaintiff,               CASE NO. 20-CV-131

    v.

CITY OF EAU CLAIRE,
and HUNTER BRAATZ
(in his individual capacity),

              Defendants.

---

## DEFENDANTS' NOTICE AND MOTIONS IN *LIMINE*

---

Defendants, City of Eau Claire and Hunter Braatz, by their attorneys, MUNICIPAL LAW & LITIGATION GROUP, S.C. submit the following Motions in Limine and respectfully ask the Court to:

1. Preclude counsel from making any statements regarding credibility.

2. Allow for the sequestration of non-party witnesses from the courtroom.

3. Preclude any argument regarding punitive damages.

4. Preclude any argument based on the "golden rule."

5. Preclude any reference to insurance coverage and indemnification.

6. Preclude any evidence, argument, or mention of past lawsuits, claims, or proceedings relative to the city of Eau Claire or any of its departments or employees.

7. Preclude mention of settlement offers or negotiation.

8. Exclude DCI reports of the Officers' scene walk throughs and interviews.

9. Preclude inflammatory evidence, testimony, or argument relating to local/national use of force incidents and/or publicized events involving law enforcement.

10. Preclude any claim, evidence, or argument relating to future pain, suffering, or harm.

11. Require the parties to identify and disclose any demonstrative evidence intended to be used during opening statements prior to openings.

12. Preclude any evidence or argument relating to municipal liability claims, any use of the City of Eau Claire's internal administrative investigation, and any evidence of the police department's general rules, regulations, or policies.

13. Allow the use of prior criminal convictions.

14. Allow the jury to conduct a site visit.

15. Preclude any testimony and argument that Hunter Braatz created the need for deadly force.

16. Preclude any testimony, evidence, and argument of spoliation of any audio or video.

17. Preclude any testimony, evidence, and/or argument regarding information unknown to Braatz before the shooting.

18. Preclude any testimony, evidence, and/or argument that Holte was suicidal or suffering from a mental illness or medication deficiency.

19. Preclude testimony and/or opinions from the non-percipient officers at the top of the embankment regarding the need for Hunter Braatz to use deadly force.

20. Preclude any graphic or inflammatory photographs.

21. Preclude opinions and testimony from Tyler Holte's police practices expert, Scott DeFoe.

The Motions in Limine are based on the pleadings on file and Defendants' Briefs in Support of Motions in Limine.

PLEASE TAKE NOTICE that Defendants intend to introduce at trial Plaintiff's certified medical records as described in Defendants' 26(a)(3) disclosures and pursuant to Fed. R. Evid. 803 and 902.

Dated this 16th day of July, 2021.

**MUNICIPAL LAW & LITIGATION GROUP, S.C.**

Attorneys for City of Eau Claire and Hunter Braatz.

By: /s/ *Matteo Reginato*
REMZY D. BITAR
State Bar No: 1038340
MATTEO REGINATO
State Bar No: 1089724
730 N. Grand Avenue
Waukesha, WI 53186
O: (262) 548-1340
F: (262) 548-9211
E: rbitar@ammr.net
mreginato@ammr.net