UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TYLER HOLTE,

                Plaintiff,                              CASE NO. 20-CV-131

    v.

CITY OF EAU CLAIRE,
and HUNTER BRAATZ
(in his individual capacity),

                Defendants.

## BRIEF IN SUPPORT OF DEFENDANTS' OMNIBUS MOTIONS IN LIMINE NOS. 1-7

The Defendants, City of Eau Claire and Hunter Braatz, by and through their attorneys, Municipal Law & Litigation Group, S.C., respectfully request the following general matters be addressed by the court.

**1. TO PRECLUDE COUNSEL FROM MAKING ANY STATEMENTS REGARDING CREDIBILITY.**

The Court should preclude Plaintiff's counsel from passing judgment upon or improperly commenting on the credibility of evidence presented to the jury. Particularly, Defendants urge the Court to ensure that counsel refrains from attempting to interject personal knowledge or belief as to the credibility of any witness, document, or video footage into these proceedings.

"One touchstone of a fair trial is an impartial trier of fact – a jury capable and willing to decide the case solely on the evidence before it." *McDonough Power Equipment, Inc., v. Greenwood*, 464 U.S. 548, 554 (1984). It is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences. *U.S. v. Marquardt*, 786 F.2d 771, 780 (7th Cir. 1986). Furthermore, an attorney should not make

arguments to the jury based upon his or her own personal opinion or beliefs regarding the credibility of a witness or the culpability of a party. *U.S. v. Phillips*, 527 F.2d 1021, 1023–24 (7th Cir. 1975). This is particularly true if an attorney vouches for a witness or insinuates that he or she has personal knowledge regarding the credibility of a witness. *Id.* at 1024. Given that it is within the sole provenance of the jury to weigh the evidence, Defendants respectfully request that the Court preclude any party from passing such judgment in open court.

## 2. TO SEQUESTER NON-PARTY WITNESS FROM THE COURTROOM.

The Court should exclude all non-party witnesses from the courtroom during the trial or any other proceeding before the Court during which any discussions of witness testimony may be discussed.

Pursuant to Fed. R. Evid. 615, all non-party witnesses should be excluded from the courtroom during the testimony of any other witness and any other proceeding before the Court during which the testimony or anticipated testimony of any witness may be discussed. "At a party's request the court *must* order witnesses excluded so that they cannot hear other witnesses' testimony. . . ." Fed. R. Evid. 615 (emphasis added). Rule 615 is designed to prevent a witness from conforming his/her testimony to that of another and to discourage fabrication and collusion. *See United States v. Gammon*, 961 F.2d 103, 105 (7th Cir. 1992); *see also* 6 Wigmore on Evidence §§ 1837-1838 (Chadbourn Rev. 1976) ("sequestration is (next to cross examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice"). Where, as here, much of the evidence as to the occurrence of certain events will be based almost exclusively on the oral testimony of witnesses, it is important that this usual practice be followed.

### 3. TO PRECLUDE ANY ARGUMENT REGARDING PUNITIVE DAMAGES.

In the liability phase, the Court should preclude any argument regarding punitive damages because there is no evidence that Defendant Braatz's conduct satisfies the following legal standards.

Punitive damages are recoverable in Section 1983 actions where the defendant had a reckless or callous disregard to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 35, 51 (1983); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004). The Seventh Circuit has interpreted the standard jury instruction for § 1983 punitive damages as placing the defendant's conduct into one of two categories: (1) "the defendant actually derives satisfaction from hurting the plaintiff;" and (2) "the defendant, while not having any particular desire to hurt the plaintiff, tramples on the plaintiff's rights, in a fashion that can fairly be called reckless, to accomplish his own aims." *Soderbeck v. Burnett County*, Wis., 752 F.2d 285, 289–90 (7th Cir. 1985). In *Soderbeck*, the court went on to illustrate the two categories as follows:

> If a man sets fire to a house intending to kill the occupants, he is a deliberate murderer; if he sets fire to a house he knows to be occupied, but does so to warm himself rather than to kill the occupants, he is a reckless murderer. But he is a murderer in either case, and would be subject to punitive damages in a suit for wrongful death.

*Id.*
Again, there is no evidence that Braatz's conduct satisfies these legal standards and thus Plaintiff should be precluded from seeking punitive damages from the jury.

First, there is no evidence that Braatz intended to somehow contribute to the wrongful deprivation of Plaintiff's constitutional rights. Plaintiff has not provided any proof that Braatz had

or has any animus towards him or any reason that he would intentionally inflict pain upon him or that he actually derived satisfaction from using force against Plaintiff.

Second, there is no evidence that Braatz disregarded Plaintiff's rights in a reckless or callous way or some way as to benefit himself. Outside of conclusory allegations, Plaintiff has no evidence showing how Braatz acted recklessly or callously, instead it is undisputed that Braatz was responding to a fleeing suspect (Holte) wanted on a "use caution" felony warrant who was reportedly carrying a weapon at the time of the shooting and acting erratically. Accordingly, because there is no evidence in the record to support a claim for punitive damages, Plaintiff should be precluded from presenting that claim to the jury.

### 4. TO PRECLUDE ANY ARGUMENT BASED ON THE "GOLDEN RULE."

The Court should preclude counsel or witnesses from making any argument or any statement during trial that would fit within the "golden rule" approach to damages or liability. The "golden rule" argument amounts to asking members of the jury to put themselves in the position of a party. This can also be done by suggesting that counsel is not asking the jury to put themselves in the shoes of the plaintiff—the "reverse golden rule." Either way, such arguments or comments are improper. *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982), *aff'd.*, 465 U.S. 752 (1983). The golden rule tactic "is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence[.]" *Id.* (*quoting Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)).

## 5. TO PRECLUDE ANY REFERENCE TO INSURANCE AND INDEMNIFICATION.

### A. Preclude Evidence of Insurance.

The Court should preclude testimony that Defendant Braatz may be insured against liability for this incident because such evidence is irrelevant to any issue in this lawsuit and introduction of this evidence would be unduly prejudicial to him. With limited exceptions, not applicable here, evidence that a person was or was not insured against liability is not admissible to prove whether the person acted wrongfully. Fed. R. Evid. 411. Evidence of insurance or a lack thereof must be excluded because it is irrelevant to the specific issue of Braatz culpability, yet it might influence the jury in determining in which party's favor to render a verdict and the size of that verdict.

Implying the existence of such insurance is also inadmissible. Here, any discussion of insurance status could invite jurors to return a verdict in favor of Plaintiff, believing that such a result would not harm Braatz financially. This influence would enable jurors to render a verdict based upon sympathy or other impermissible factors rather than upon the relevant evidence.

### B. Preclude Arguments and Evidence That the City of Eau Claire or Its Insurer Will Indemnify Braatz or Any Comment or Argument to "Send a Message to the City and Its Police Force."

The Court should preclude any mention of indemnification because it would be improper to suggest to the jury that the City of Eau Claire or its insurer will pay any judgment in this case. Such a signal runs afoul of the rule that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. *See* Fed. R. Evid. 411; *Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, *3 (N.D. Ill., Oct. 27, 1992); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (holding that instructions to jury on indemnification in § 1983 action required new trial); *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (stating that instructions concerning indemnification are extremely prejudicial); *Griffin v. Hillke*, 804 F.2d 1052, 1057 (8th Cir. 1986)

(declaring indemnification instructions to constitute reversible error). Accordingly, any arguments or evidence regarding indemnification should be barred from trial.

Likewise, Plaintiff should be prohibited from asking the jury to "send a message" to the City of Eau Claire and its police force. Knowledge that the City will indemnify Defendant Braatz for possible damages might encourage jurors to find for Plaintiff regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors. Plaintiff should be prohibited from making any argument that the jury should "send a message" to the City with its verdict, or that the jury should somehow punish the City or its police force with its verdict. The facts, claims, and defenses all involve a singular incident of forced against Plaintiff; this case does not involve claims against the City of Eau Claire. "Sending a message," or punishment, cannot form the basis for any damages other than punitive damages. As a matter of law, Plaintiff cannot recover punitive damages from Braatz. *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff should not be permitted to imply to the jury that punishment can serve as a legitimate basis for an award against the City. Any such implication would be unfairly prejudicial to Braatz and would confuse the issues of this case. *See* Fed. R. Evid. 403.

6. **TO PRECLUDE ANY EVIDENCE, ARGUMENT, OR MENTION OF PAST LAWSUITS, CLAIMS, OR PROCEEDINGS RELATIVE TO THE CITY OF EAU CLAIRE OR ANY OF ITS DEPARTMENTS OR EMPLOYEES.**

The Court should preclude any and all reference to or evidence of any other claims, lawsuits, or proceedings brought against the City of Eau Claire, its insurer, and any of its departments or employees including Defendant Braatz.

Introduction of such evidence is not only impermissible hearsay, but more importantly it lacks any probative value and could result in significant prejudice to Defendants under the facts

and issues of this case. Therefore, it must be excluded pursuant to Fed. R. Evid. 403. Furthermore, introduction of this evidence would confuse the jury and necessitate additional explanation of unrelated, collateral, and prejudicial issues, wasting the time and energies of the jury and this Court.

Braatz is entitled to a trial on the facts of this particular case, and the introduction of such evidence would prevent him from obtaining a fair trial on the merits. Defendants, thus, hereby request that any evidence, insinuation, or reference to any other claims, lawsuits, or proceedings against the City of Eau Claire, its insurer, and any of its departments or employees including Defendant Braatz be barred.

**7. TO PRECLUDE MENTION OF SETTLEMENT OFFERS OR NEGOTIATIONS.**

Any mention as to whether the Defendant made an offer of settlement to the Plaintiff or that settlement negotiations were entered into between the parties must be barred pursuant to Fed. R. Evid. 408. Such evidence is also inadmissible pursuant to Fed. R. Evid. 401, as any overtures regarding settlement are motivated by a desire for peace, not as a concession of the weakness of Defendant's position. Furthermore, introduction of such evidence would tend to confuse the jury in its determination of the issues in this lawsuit, and would be unduly prejudicial.

**CONCLUSION**

Based on the above, we respectfully request that this Court grant the above Motions to Limine.

Dated this 16th day of July, 2021.

        **MUNICIPAL LAW & LITIGATION GROUP, S.C.**

        Attorneys for City of Eau Claire and Hunter Braatz.

        By: */s/ Matteo Reginato*

REMZY D. BITAR
State Bar No: 1038340
MATTEO REGINATO
State Bar No: 1089724
730 N. Grand Avenue
Waukesha, WI 53186
O: (262) 548-1340
F: (262) 548-9211
E: rbitar@ammr.net
mreginato@ammr.net