# In the
# United States District Court
## For the
## Western District of Wisconsin

---

Tyler Holte,

        Plaintiff,

   v.                                                   Case No. 20-cv-131

The City of Eau Claire,
and Hunter Braatz
(in his individual capacity),

        Defendants.

_____

**Motion in Limine No. 3**

**Plaintiff's Rule 403 Motion in Limine**
**To Exclude Overly Prejudicial Character Evidence Regarding Mr. Holte**
**In the Damages Phase of Trial**
_____

       The Plaintiff, by his counsel, hereby moves the Court for an order precluding Defendants from introducing overly prejudicial character evidence about Mr. Holte in the damages phase of trial.

       Plaintiff anticipates that Defendants may try to introduce extremely prejudicial information about Mr. Holte's history, such as evidence that proceeds from a law suit

settlement he received when he was a very young man, approximately 22 years old, was misused on street drugs:

- Q You were involved in a prior lawsuit arising out of a motor vehicle accident at one point in your life?
- A Yes.
- Q And that was against a Janaray Wayne.
- A Yes.
- Q Do you remember that?
- A Yes, I do.
- Q And you had filed that in 2012. Does that sound about right?
- A Yes.
- Q And then you reached a settlement in that case …about a year later in January of 2013. Does that sound about right?
- A That sounds about right.
- Q You settled that case for around $160,000; is that right?
- A Somewhere around there.
- Q I've reviewed a lot of documents, okay, Tyler?
- A Uh-hum.
- Q It appears to me that after you received that settlement, your life took a different turn in terms of using illegal street drugs and prescription drugs; is that true?

2

- A Yes.

- Q Is it at that point in time that you began to have more contacts with law enforcement?

- A I would say so, yes.

- Q I want to take you through some of your police contacts. I want to begin with an event in January 2015. This was two days after New Year's Eve, so January 3rd of 2015, where police officers were dispatched to 1513 South Hastings Way.

(Holte Dep., pp. 12-13.)  Defendant's primary interest in introducing such evidence would be to unduly prejudice the jury against Mr. Holte, and improperly induce the jury to issue an award based on how Mr. Holte might spend any money judgment, rather than based on the damages he has suffered in this case.  Because this evidence would serve only to induce the jury to make a decision in this case on an improper basis, it should be excluded.

        Dated this Friday, July 16, 2021.

        Respectfully submitted,

        Tyler Holte

        Plaintiff, by

        THE JEFF SCOTT OLSON LAW FIRM, S.C.
        JEFF SCOTT OLSON
        State Bar Number 1016284
        ANDREA J. FARRELL
        State Bar No. 1064773
        131 West Wilson Street, Suite 1200

Madison, WI 53703
Phone: 608 283-6001
Fax: 608 283 0945
E-mail: jsolson@scofflaw.com
ajf@scofflaw.com


/s/ Jeff Scott Olson
_____
Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF

### Certificate of Service

I hereby certify that on Friday, July 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Remzy Bitar and Matteo Reginato, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

_____/s/ Jeff Scott Olson_____